UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X   Case No.: ____ CV____

**In the Matter of the Application of**

FUN INVESTMENT HOMES, LLC. and its
Principal, Henry Ikezi,

                                                         Petitioner,

For an Order, Pursuant to F.R.C.P. Rule 65 and Sections
7502© and 6201 of the New York CPLR granting an order
of attachment (and temporary restraining order) in connection
with an arbitration                              **AMENDED**
                                                                    **PETITION FOR**
                   -against-                                     **PRELIMINARY**
                                                                     **INJUNCTION &**
KEITH M. D'AGOSTINO                           **AID OF ARBITRATION**
and JAMES D'AGOSTINO,

                                                      Respondents
------------------------------------------------------------------X

Petitioners, Fun Investment Homes, LLC, and Henry Ikezi, by and through their attorney Law Office of Gerard J. White, Esq., for their petition allege as follows:

## PRELIMINARY STATEMENT

1.    This case arises from a fraudulent scheme perpetrated against Petitioners, Fun Investment Homes, LLC. and its principal, Henry Ikezi, resulting in a loss of $1,000,000.00 due to materially false and misleading statements, as well as investment malfeasance by Keith M. D'Agostino and his employer David Boral and E.F. Hutton.

2. In January 2024, Mr. Ikezi was solicited by Mr. D'Agostino regarding an investment opportunity involving an initial public offering (IPO) of stock in Veg House (hereinafter referred to as "VEG"), offered by Plant X Life, Inc. and its CEO, Sean Dollinger.

3. Mr. Ikezi had prior dealings with respondent Keith M. D'Agostino acting as his broker which similarly were problematic and resulted in unmarketable stock being sold to Mr. Ikezi, but, in this instance, Mr. Keith M. D'Agostino never sold any stock to petitioner because no stock for VEG House was ever placed in petitioner's brokerage account with E.F. Hutton.

4. Mr. D'Agostino represented that in February 2024, the VEG stock would be publicly offered at a share price of $5, significantly higher than the $1 per share purchase price he proposed.

5. Mr. D'Agostino solicited an investment of $1,000,000.00 from Petitioners for the purchase of 1,000,000 shares of VEG stock from Plant X Life, Inc.

6. Contrary to these representations, no initial public offering of VEG stock occurred, as it was never approved by the Securities and Exchange Commission (SEC).

7. Again, Petitioners' payment of $1,000,000.00 was never deposited into an account with E.F. Hutton, nor were any shares of VEG stock placed in any brokerage account.

8. Instead, the funds were withdrawn from E.F. Hutton's attorney's escrow account without the authority to redirect the funds for any purpose other than the purchase of VEG stock, which did not occur.

9. Numerous assurances were made by Respondent, Keith M. D'Agostino, and his employer David Boral and E.F. Hutton, including promises from Mr. Boral, Mr. D'Agostino, and VEG House by Mr. Sean Dollinger, to refund Mr. Ikezi the $1,000,000.00 payment.

10. Subsequent revelations indicated that VEG House was not in a financial position to conduct an IPO, having a net loss. The company had sought to improve its financial standing through Special Purpose Acquisition Corporation (SPAC) funding without adequately informing Petitioners of the nature of these financing practices.

11. The SPAC funding mechanism, which involves raising money through holding companies that merge with target firms, was not disclosed to Mr. Ikezi or any affiliates of Fun Investment Homes, Inc.

12. The actions of VEG House, Plant X Life and E.F. Hutton constituted a bait-and-switch tactic, in which they offered an investment product that did not exist (an initial public offering of a stock listed on a market-making stock exchange), but instead now claim a purchase of unlisted private stock occurred (i.e. "pink sheets") which are unmarketable. VEG House, Plant X Life and E. F. Hutton misled investors regarding the true nature of their investment proposal. Their conduct involved a material misrepresentation and breach of contractual obligations owed to Petitioners.

13. Moreover, VEG House, Plant X Life and E.F. Hutton never delivered any stock to the petitioner's brokerage account with E.F. Hutton.

14. Despite repeated demands from Petitioners and promises from Respondents to remedy the situation, no funds have been returned to Petitioners to date. Such actions can only be deemed theft or conversion by VEG House, Plant X Life and E.F. Hutton.

15. Mr. Ikezi and Fun Investment Homes, LLC, retained the services of Kaufmann, Gildin & Robbins, LLP (hereinafter referred to as "Kaufmann Firm" to pursue the return of his $1,000,000.00 investment which was never fully consummated by respondent, respondent's employer, David Boral and E.F. Hutton, along with Sean Dollinger of VEG House.

16. On August 8, 2024, the Kaufmann Firm filed a Statement of Claim with FINRA against E.F. Hutton (now doing business as D. Boral Capital, LLC), its CEO David Boral and their employee, respondent broker, Keith D'Agostino. See Exhibit "A", a true and accurate copy of the correspondence of Kaufmann, Gildin & Robbins, LLP.

17. E.F. Hutton, David Boral and Keith D'Agostino were required to file an Answer to the Arbitration Demand on or before September 27, 2024. E.F. Hutton and David Boral retained counsel and obtained an extension to file their answer. On October 11, 2024, both E.F. Hutton and David Boral filed a Joint Statement of Answer to the Arbitration Demand.

18. Keith D'Agostino failed to file any Statement of Answer in the arbitration proceeding. This Respondent is also no longer listed as active with FINRA. It is upon information and belief that Keith D'Agostino is no longer is employed by E.F. Hutton, its successor company, D. Boral Capital nor David Boral.

19. The Kaufmann firm presently has before the arbitrator precluding Keith D'Agostino from filing an Answer and presenting a defense at the arbitration hearing pursuant to FINRA Rule 12308.

20. Respondent, Keith D'Agostino also has not responded to discovery demands previously served on him by the Kaufmann Firm. A further reason why this respondent, Keith D'Agostino will be barred from submitting any evidence during the arbitration hearing. Simply put, respondent, Keith D'Agostino is in default and an arbitration award will be issued to petitioner against respondent, Keith D'Agostino. See Exhibit "A-2" a true and accurate copy of the letter from FINRA to Keith D'Agostino advising broker of his failure to answer in the arbitration proceeding. See also; Exhibit "A-1", a true and accurate copy of the petitioner's motion in arbitration proceeding seeking a default against respondent, Keith D'Agostino.

21. The subject arbitration hearing is scheduled for August 11 through 15, 2025 and the Kaufmann Firm should have a decision and arbitration award on or about September 14, 2025.

22. Respondent D'Agostino has further compounded his fraudulent actions by refusing to engage in FINRA-mandated arbitration and is now in default for failing to respond.

23. Petitioner has learned that Mr. D'Agostino is selling properties located at 2830 Shady Nook Road, Slatington, PA 18080 and 56 Woodland Drive, Oyster Bay, NY 11771, in an attempt to obstruct the collection of any monetary award that may be granted to Petitioner from the FINRA arbitration proceeding. See Exhibit "B", copy of the deeds for 2830 Shady Nook Road, Slatington, PA 18080 and 56 Woodland Drive, Oyster Bay, NY 11771, respectively.

24. Respondent, James D'Agostino is named in this proceeding because he is holding respondent, Keith M. D'Agostino's primary residence at 56 Woodland Drive, Oyster Bay, NY 11771, in his name and acting as Keith M. D'Agostino's alter-ego to assist in hiding assets from creditors such as petitioner.

25. In fact, respondent, Keith M. D'Agostino has in the past received numerous complaints resulting in more than $3,000,000.00 in settlement claims. Mr. Keith M. D'Agostino also has 3-4 additional complaints currently pending for conduct similar malfeasance in this matter.

26. Both of these properties should be subject to an order of attachment as it is apparent that respondent, Keith M. D'Agostino is attempting to evade FINRA arbitration through his missing discovery deadlines, refusal to

answer and attempts to liquidate his assets, thereby potentially frustrating the collection of any arbitration award.

## PARTIES

27. Petitioner, Henry Ikezi is an individual who resides at 84-05 Avon Street, Jamaica, New York 11434. Petitioner is a citizen of the State of New York in the United States of America and in the business of investment in and construction of real property.

28. Petitioner, Fun Investment Homes, LLC. is a corporation that is incorporated in the State of New York, in the United States of America and in the business of investment in and construction of real property.

29. Petitioner, Fun Investment Homes, LLC. is a corporation that is incorporated outside the State of New York, but is a foreign corporation, operating under and pursuant to the State of New York and the United States of America and is in the business of investment in and construction of real property.

30. Respondent, Keith M. D'Agostino is an individual who resides at 56 Woodland Drive, Oyster Bay New York 11771 and is a citizen of the State of New York, acting as an investment broker for E.F. Hutton.

31. Respondent, James D'Agostino is the father of Keith D'Agostino and is his alter ego, holding assets to avoid creditors stemming from Keith D'Agostino's activities as a broker. See Exhibit "B", a true and accurate copy of the deed for 56 Woodland Drive, Oyster Bay New York 11771.

## JURSIDCTION AND VENUE

32. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this is a civil action seeking a preliminary injunction in connection with an arbitration governed by SEC requirements.

33. This Court has original jurisdiction over this action pursuant to 9 U.S.C. Section 203, in that this is a civil action seeking a preliminary injunction in aid of an arbitration falling under the SEC requirements on self-regulating organizations and original jurisdiction pursuant to 28 U.S.C. Section 1331 and 15 U.S.C. Section 78aa.

34. The petitioner's basis for subject matter jurisdiction is grounded on the fact that respondents engaged in interstate commerce, international commerce, wire fraud and conversation with an unjustly enriched out of state party.

35. Venue is proper in this judicial district un 28 U.S.C. Section 1391 because the FINRA arbitration panel and all relevant witnesses are located in or near this district.

36. Venue is proper in this judicial district because the parties' agreement specified that New York, New York as the place for judicial proceedings in connection with the arbitration.

## FACTS OF THE CASE

37. The facts set forth above and further outlined in the demand for arbitration submitted to FINRA by Petitioners' counsel, Kaufmann, Gildin & Robbins, LLP, dated July 24, 2024. See Exhibit "A", correspondence of the Kaufmann Firm.

38. This matter involves securities fraud, and the parties should not evade responsibility through name changes or asset transfers.

39. The petitioner seeks to recover the sum of the $1,000,000.00 solicited for pre-IPO shares of VEG stock. Mr. Ikezi executed a Share Purchase Agreement for 1,000,000 shares at $1 per share but has not received any shares, which are now unmarketable.

44. Mr. Robbins submitted a Statement of Claim for arbitration against E.F. Hutton, Keith D'Agostino, and David Boral. Annexed hereto as Exhibit "C" is a copy of the property at 56 Woodland Drive, Oyster Bay, NY with posted photographs.

45. Attached hereto as Exhibit "A" is a copy of the Kaufman Firm's arbitration application and various exhibits, including emails, agreements, and documentation supporting the Petitioners' claims.

- Exhibit 1    July 1, 2024 Complaint Email from Mr. Ikezi to EF Hutton with email trail back to January 2024 concerning the $1 million wire.
- Exhibit 2    Mr. D'Agostino's Broker Check Report which (1) list seven firms before joining EF Hutton in the Fall of 2023; (2) seven settled customer complaints and/or arbitrations totaling $1,232,000 and (3) six pending complaints and/or arbitrations.
- Exhibit 3    Jan 16th – Jan. 23rd emails concerning purchase of Veg Home Investment
- Exhibit 4    Jan. 28th Zoom invite to call between Mr. D'Angelo and Mr. Ikezi and taped conversation in which, among other things, Mr. D'Agostino said:
    - There was "massive volume" for the stock.
    - He was "uber confident" it will be worth more than $1 purchase price.
    - He explained how to wire the $1 million to EF Hutton's law firm.
    - The IPO should come out in less than three weeks for $5.
    - "I bought a bunch" for his father-in-law.
    - "This is a layup."

- Exhibit 5    Jan. 29th email from D'Agostino to Mr. Ikezi attaching SEC letter dated January 22, 2024, re: amended draft registration statement.
- Exhibit 6    Jan. 29th email from EF Hutton to Mr. Ikezi attaching the executed Share Purchase Agreement for Veg House.
- Exhibit 7    Executed Share Purchase Agreement
- Exhibit 8    Jan. 30th Funds Transfer Report
- Exhibit 9    Jan. 30th emails from Mr. D'Agostino and EF Hutton's law firm including among other things, wiring instructions of the $1 million.
- Exhibit 10   Jan. 31st emails from EF Hutton to Mr. Ikezi with regard to opening an EF Hutton account. Plus first few pages of the Entity Client Account Information form.
- Exhibit 11   July 2nd Affidavit of Wire Fraud
- Exhibit 12   FBI complaint filed by Mr. Ikezi on July 3, 2024.
- Exhibit 13   July 11th email from Mr. Widerlight urging Mr. Ikezi to retain Marty Kaplan to make a demand on PlantX.
- Exhibit 14   July 19th SEC email to Mr. Ikezi.
- Exhibit 15   July 24th Demand Letter sent by Kaufmann Gildin & Robbins, LLP. No response was received from Respondents.

## BREACH OF DUTY & DAMAGES

46. Petitioners seek recovery of the wrongly solicited funds and request an award for return of their $1,000,000.00, including pre-judgment interest, a hearing on attorney's fees for the instant application, and all arbitration-related costs.

47. VEG House, Plant X Life and E.F. Hutton and Keith D'Agostino's breach of duty has also created a cause of action for Unjust Enrichment as they have received a financial benefit for services and financial products they failed to deliver to petitioner.

**WHEREFORE**, it is respectfully requested that based on respondent. Keith M. D'Agostino's; 1) violation of FINRA's Conduct Rules, which set the standard by which FINRA Members and associated persons must abide; 2) respondent's violation of FINRA Rule 2010 of the Conduct Rules because it filed to observe high standards of commercial honor and just and equitable principals of trade and 3) Respondent's violation of Rules 2010 and 2111 when they recommended $1 million be invested in VEG House which failed to complete its initial public offering and 4) respondent's intentional refusal to engage in FINRA Arbitration, notwithstanding being a FINRA member and signing a stock purchase agreement which called for such arbitration, it is clear that a default judgment in excess of $1,000,000.00 plus attorney's fees and expenses will be forthcoming through the arbitration process and.an attachment of respondents' real property by this Court is warranted to avoid the complete frustration of collecting on an arbitration award.

Petitioner respectfully requests that the following properties be attached during the pending of the FINRA arbitration and through the time when judgment may be entered into the county where respondents' real property is located:

2830 Shady Nook Road, Slatington, PA 18080

56 Woodland Drive, Oyster Bay New York 11771

Petitioner further requests that in the event a bond is required to be posted by petitioner that this Court order that petitioner be required to post a bond of not more than $500.00.

Or in the alternative should the Court determine that an attachment is unwarranted then respondents be required to post their own bond in the amount of $6,000,000.00 to prevent the pending arbitration award from being "rendered ineffective" due to respondents liquidation of assets and this Court issue a judgment for attorney's fees for the instant application together with costs and expenses associated herein..

Duly Affirmed on the \_\_ day of February 2025.

Jamaica, New York

_____
Henry Ikezi Individually and
President of Fun Investment Homes, Inc.

Duly Affirmed on the \_\_ day of February 2025

_____
Gerard J. White, Esq. (GW0683)
Attorney for Petitioner,
Fun Investment Homes, Inc.
43 Rider Avenue
Malverne, NY 11565
Tel. 516-672-6373
gjwlegal@aol.com